In re George C. STRUGGS, Debtor.

Bankruptcy 86–05424–R.

United States Bankruptcy Court,
E.D. Michigan, S.D.

Feb. 27, 1987.

Arthur Lee Mormon, Detroit, Mich., for debtor.

MEMORANDUM OPINION REGARD-
ING DISMISSAL UNDER 11
U.S.C. § 707(b)

STEVEN W. RHODES, Bankruptcy
Judge.

## I.

Because the Court was concerned that granting bankruptcy relief to the debtor, George C. Struggs, would be a substantial abuse of Chapter 7 of the Bankruptcy Code, the Court entered an order to appear and notice of hearing pursuant to 11 U.S.C. § 707(b). For the reasons stated herein, the Court concludes that the petition should be dismissed.

The debtor's petition lists no priority creditors, and four secured debts. The debtor's credit union is owed $16,094 on a 1985 Cadillac Fleetwood automobile valued at $17,000, and $16,126 on a motor home valued at $26,000. First Federal Bank is owed $18,000 on a residence valued at $28,-000. Chrysler Credit is owed $8,200 on a 1985 Lebaron automobile valued at $6,000.[1]

The debtor's petition lists $8,544 in unsecured debts.

11 U.S.C. § 707(b) provides:

> After notice and a hearing, the court, on its own motion and not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter [11 USCS §§ 701 et seq.] whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter [11 USCS §§ 701 et seq.]. There shall be a presumption in favor of granting the relief requested by the debtor.

Thus under this statute, two issues are presented—whether the granting of relief would be a substantial abuse of Chapter 7, and whether the debtor's debts are primarily consumer debts.

## II.

This Court has previously addressed the standards for determining substantial abuse. In *In re Bell,* 56 B.R. 637, 641 (Bankr.E.D.Mich.1986) (*Bell I*), on remand 65 B.R. 575 (Bankr.E.D.Mich.1986) (*Bell II*), this Court held:

> This Court concludes that the primary, if not exclusive, factor to be considered in determining whether a debtor's petition constitutes a substantial abuse of the Bankruptcy Code under Section 707(b) is whether the debtor will have sufficient income to repay a meaningful part of his or her debts, within the context of either Chapter 11 of Chapter 13.

Specifically, the Court applied the following tests:

> Thus, the Court concludes that the first issue to be addressed is the amount of the debtor's disposable income. The second issue is then whether use of this disposable income in a plan would result in repayment of a meaningful part of the debts. These judgments are obviously somewhat subjective, but can be guided by the Court's sense of equity and by balancing the effects on the various parties in interest of granting a discharge or alternatively dismissing the petition. *See In re White,* [49 B.R. 869 (Bankr.W. D.N.C.1985) ] *supra.* In any case, the presumption in favor of granting the relief requested by the debtor, as stated in Section 707(b), must be abided. *Id.* at 641–42.

Therefore, if the debtor can repay a meaningful part of his unsecured debt of $8,544 in a Chapter 13 plan, his Chapter 7 petition should be dismissed.

## III.

### A.

■ The debtor's disposable income is calculated from his income and his expenses which are reasonably necessary for his maintenance and support and that of

---

1. In the debtor's recent divorce, this vehicle and the debt it secures were awarded to the debtor's ex-wife.

his dependents. *Bell I* at 642. *See also:* 11 U.S.C. § 1325(b).

The debtor has worked as an accountant for a labor organization since 1976, specializing in property accounting. He received his bachelor's degree in accounting in 1972. According to his W–2 form (Exhibit 2), his total income in 1986 was $59,030, or $4,919 per month, and he testified that he expected this salary to continue for the foreseeable future.[2]

With respect to the debtor's expenses, the Court finds that the following monthly expenses, as reflected in the debtor's Schedule of Current Income and Expenses and in the evidence, are reasonably necessary for his maintenance and support, and that of his dependents:

| | |
|---|---|
| Rent | $ 280 |
| Utilities | 170 |
| Food | 250 |
| Clothes | 60 |
| Laundry | 45 |
| Newspapers | 12 |
| Business meals [3] | 80 |
| Recreation | 50 |
| Dues | 12 |
| Child support | 680 |
| Total per month | $1,639 |

■ In addition, the debtor incurs the following yearly expenses for taxes, according to his 1986 W–2 form (Exhibit 2):

| | |
|---|---|
| Federal income tax | $11,808 |
| FICA | 3,003 |
| State income tax | 2,463 |
| City income tax | 1,680 |
| Total taxes per year | $18,954 |
| Total taxes per month | $ 1,580 |

**B.**

The debtor incurs three other categories of expenses which are of substantial concern. The first is an expense of $598 per month on a secured loan to his credit union for a motor home. At the hearing the debtor testified that in his recent divorce he was awarded this motor home and the concurrent obligation to pay for it. He further indicated that he had not decided whether to keep it, although he appeared to recognize prudence of surrendering it.[4] In any event, it appears to the Court that the motor home is a luxury item; the Court finds that the expenses for it are not reasonably necessary for the debtor and his dependents. *In re Hedges*, 68 B.R. 18 (Bankr.E.D.Va.1986) In fact, the expenses saved from surrendering this asset alone will allow the debtor to pay his unsecured debt in full in 16 months.

■ The second group of expenses which are of concern are the debtor's automobile expenses. The debtor owns a 1985 Cadillac Fleetwood for which he pays $775 per month to the credit union,[5] plus $93 per month for insurance, $166 per month for gasoline for business travel,[6] and $134 per month for gasoline for personal travel.

In *Bell I* at 642, this Court held that $300 per month was reasonably necessary for

**2.** The debtor's petition discloses that his salary was $45,000 in 1984. Accordingly, it might reasonably be expected to increase further in the future.

**3.** The debtor's business meals are reflected in a document that the debtor recently received from his employer entitled "1986 Fringe Benefit Totals." (Exhibit 1) The debtor's total compensation ($59,030) includes these business expenses and fringe benefits; this document reflects that the following yearly business expenses are deductible from his total compensation for tax purposes:

| | |
|---|---|
| Gas and oil | $1,988 ($166 per month) |
| Car allowance | 3,611 ($301 per month) |
| In town per diem | 960 ($80 per month) |
| Car insurance | 1,119 ($93 per month) |

The "In town per diem" reflects the debtor's expenses for business meals (shown in the text

above). The other expenses are discussed at length below.

**4.** The debtor's Schedule of Consumer Debts Secured by Property of the Estate and Notice of Intention was inexplicably silent as to the debtor's intentions with respect to his secured debts.

**5.** The debtor testified that only $454 of the $775 monthly payment is actually for the purchase of the car; the remainder is in payment of prior loans which were consolidated when the vehicle was purchased and the entire debt was then secured by the vehicle. In these circumstances, it is clear that to keep the vehicle, the debtor's monthly obligation will be $775, not $454.

**6.** These amounts are taken from the debtor's "1986 Fringe Benefit Totals" (Exhibit 1), discussed in note 3, above.

basic personal transportation expenses, including automobile loan payments, maintenance and gasoline. Nothing in the present case suggests that any greater amount should be held reasonably necessary for personal automobile expenses.[7]

 In this regard, the Court further notes that if the debtor were to use a non-luxury automobile, his insurance payment and gasoline expenses would substantially decrease; thus, the Court concludes that in determining his reasonable expenses, it would be appropriate to reduce his insurance and business use gasoline expenses by 25%. Accordingly, the Court finds that the reasonably necessary expense for insurance is $70 per month (reduced from $93) and for business use gasoline, $125 per month (reduced from $166).

The final expense which is of concern is a $77 deduction from the debtor's bi-weekly paycheck ($167 per month) to repay loans that his employer has made to him from his future severance pay. This debt is not listed in the schedules, and it is not clear whether this debt is secured or unsecured or whether the continued payroll deduction is proper in light of 11 U.S.C. § 362. However, because the substantial abuse issue can be decided without addressing this concern, the Court will assume, without deciding, that this expense is reasonably necessary.

In sum, the debtor's reasonably necessary monthly expenses are:

| | |
|---|---|
| Rent, etc. | $1,639 |
| Taxes | 1,508 |
| Automobile (including payments, maintenance, & personal use gasoline) | 300 |
| Auto insurance | 70 |
| Business use gasoline | 125 |
| Severance pay loan | 167 |
| Total | $3,809 |

Thus, the debtor has the following monthly amount available from his income to pay his creditors in a Chapter 13 plan:

| | |
|---|---|
| Income . | $4,919 |
| Less reasonable expenses | 3,809 |
| | 1,110 |
| Less 10% trustee fee | 111 |
| Available monthly | $ 999 |

Thus, the debtor's unsecured debt of $8,544 could be fully paid in 9 months, not including interest. Or, if the debtor paid his debt of $8,544 over 36 months at $237 per month (plus interest), he would still have $762 per month left (less interest).

Accordingly, the Court finds that the debtor can pay a meaningful part, in fact all, of his unsecured debt in a Chapter 13 plan, and that therefore granting him relief under Chapter 7 would be a substantial abuse of the Bankruptcy Code.

## IV.

The final issue is whether the debtor's debts are primarily consumer debts. *See: Bell II.* Here the debtor's debts are exclusively consumer debts, for such items as credit cards, utilities, insurance, dental work, jewelry, magazines, and appliance repair.

Therefore, the Court finds that the debtor's debts are consumer debts.

Accordingly, pursuant to 11 U.S.C. § 707(b), the debtor's petition shall be dismissed. An appropriate order is entered herewith.

---

**7.** This aspect of the present case is not substantially distinguishable from *In re Rogers,* 65 B.R. 1018 (Bankr.E.D.Mich.1986) wherein Judge Spector held that a $440 per month payment for a Corvette was not a reasonably necessary expense for a debtor proposing a Chapter 13 plan.