**James L. WATTERS and Alisa
E. Watters, Plaintiffs,**

v.

**James W. McROBERTS, Jr., Defendant.**

**No. 93 686 WLB.**

United States District Court,
S.D. Illinois.

April 7, 1994.

David A. Virgin, Bethalto, IL, for appellants.

James McRoberts, Belleville, IL, Chapter 13 Trustee.

### *ORDER*

BEATTY, District Judge.

This matter is before the court on the Debtors' Appeal from the Bankruptcy Court's dismissal of their Chapter 13 Bankruptcy proceeding. For the reasons set forth below, the order of the Bankruptcy Court is affirmed, as modified.

The Debtors filed their Chapter 13 proceeding on February 3, 1993. Listed on their petition, to be paid to creditors under the plan, was the "non-exempt" portion of Debtor James Watters personal injury recovery, if any. The Debtors claimed that they were entitled to retain $7,500 of any personal injury recovery as a personal exemption, pursuant to Section 522 of the Bankruptcy Code and 735 ILCS 5/12–1201.

The Chapter 13 Trustee objected to the confirmation of the plan. The objection in issue in this appeal was that the Debtors' Plan did not provide that *all* of the personal injury recovery, if any, was to be submitted to the Trustee for disbursement to the creditors, under the plan. On July 12, 1993, the

---

**10.** Neither party raised the issue of interest and the Court does not address it here.

Bankruptcy Court sustained the Trustee's objection and ordered the Debtors to amend their plan within 10 days. The Debtors did not amend, and pursuant to the court's order, on July 26, 1993, the Bankruptcy Court dismissed the Chapter 13 proceeding.

The Debtors appeal the dismissal of their Bankruptcy proceeding because they contend they are entitled to retain $7,500.00 of any personal injury recovery, as exempt.

The issue, therefore, is whether the claimed exemption of $7,500.00 of any personal injury recovery is to be included in the payments to the creditors as "disposable income" under the Bankruptcy Code. Section 1325(b)(1)(B) of the Bankruptcy Code provides:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b)(1)(B).

> Disposable income is defined, *inter alia* as:
>
> (2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—
>
> (A) for the maintenance or support of the debtor or a dependent of the debtor....

11 U.S.C. § 1325(b).

> As the *Schnabel* Court observed,
>
> ... § 1325(b) does not qualify income by reference to its exempt status. Where there is no express limitation in the text, the Debtor bears an "exceptionally heavy" burden of persuading the Court that Congress intended one. *Patterson [v. Shumate],* — U.S. [——] at ——, 112 S.Ct. [2242] at 2248 [119 L.Ed.2d 519], *quoting*

*Union Bank v. Wolas,* — U.S. —, [——], 112 S.Ct. 527, 530, 116 L.Ed.2d 514 (1991). In *Patterson,* the Supreme Court considered whether "applicable nonbankruptcy law" in § 541(c)(2) referred only to state law. The Court found that "[t]he text contains no limitation on 'applicable nonbankruptcy law' relating to the source of the law," *Patterson,* — U.S. at —, 112 S.Ct. at 2246, and refused to impose one. Similarly, without an express or even implicit limitation in § 1325(b) on "income" relating to its exempt status, this Court will not impose one. The Debtor's social security and pension payments are "income [ ] received by the debtor," and, to the extent not reasonably necessary for support, must be devoted to the repayment of unsecured creditors.

*In re Schnabel,* 153 B.R. 809, 815–16 (Bkrtcy. N.D.Ill.1993); *see also, Matter of Kochell,* 732 F.2d 564, 565 (7th Cir.1984); *In re Morse,* 164 B.R. 651, 655 (Bankr.E.D.Wash. 1994). This court agrees that since there is no such limitation on income in § 1325(b), one should not be imposed. Thus, the entire personal injury recovery, because it is not necessary for the reasonable support of the debtor or his dependents,[1] should be included within the payments to be disbursed to the creditors.

The court is unpersuaded by the debtors' reasoning that this conclusion results in unfairly penalizing the debtors for filing a Chapter 13 proceeding, rather than filing a Chapter 7 proceeding. The significant factor to be considered is the *choice* made by the debtors in filing the Chapter 13, as opposed to Chapter 7. Through filing a Chapter 13 proceeding, the debtors receive a number of advantages, (e.g. better credit reports subsequent to the proceeding, different discharge provisions), than they would under the provisions of Chapter 7. Also unpersuasive is the debtors' position that because the unsecured creditors are to receive more under the Chapter 13 plan than they would in liquidation, the personal injury recovery should not be included in disposable income. As the

---

1. The Debtors' schedules reveal that the amount necessary for reasonable support is satisfied from other sources, such as the debtors' income from employment, and therefore, the personal injury recovery is not necessary for their support.

**148**

court has previously noted, Congress did not qualify or limit "disposable income." No reference to what the creditors would receive in a liquidation proceeding is included in the definition of disposable income, and therefore, this court will not add any such reference. *Id.*

Based upon the foregoing, the Bankruptcy Court is affirmed, however, because this court is unable to ascertain whether the debtors failed to modify their plan in order to appeal the Bankruptcy Court's ruling, the Chapter 13 proceeding is reinstated. The debtors are given 10 days from the date of this order to modify their plan in accordance with the Bankruptcy Court's order. The Bankruptcy Court may dismiss the Chapter 13 proceeding, without further notice, in the event that the debtors fail to modify their plan as provided herein.

IT IS SO ORDERED.