**In re Cedrick JACKSON and Barbara Jackson, Debtors.**

**Bankruptcy No. 93–45983–399.**

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Oct. 12, 1994.

John V. LaBarge, Jr., Chapter 13 Trustee, St. Louis, MO.

Ann F. Snitzer, St. Ann, MO, for debtors.

### *MEMORANDUM OPINION AND ORDER*

BARRY S. SCHERMER, Chief Judge.

#### INTRODUCTION

This case presents the issue of whether potentially exempt property should be included in the best interest of creditors test of § 1325(a)(4) and the best efforts of the debtor test of § 1325(b).

#### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(L), (O).

#### STATEMENT OF FACTS

This case came before the Court upon the Motion of Cedrick and Barbara Jackson, ("Debtors") to Retain the Proceeds of a Workers Compensation Suit. The Chapter 13 Trustee, ("Trustee") Objected to the Debtors' Motion. The Debtors filed their Chapter 13 bankruptcy case in November, 1993 and have been operating under a Chapter 13 plan since March, 1994. Debtors Chapter 13 Plan called for payments of $750 for 36 months with a guarantee of 10% to unsecured creditors.[1]

---

1. Debtors have recently moved to Amend their Chapter 13 Plan. This Amended Plan contemplates the Debtors retaining the workers compensation proceeds and not increasing the percentage distribution to unsecured creditors.

At the Hearing on the Debtors' Motion, the Debtors appeared and testified that their home was in need of immediate roof repairs. The Court entered an Order permitting the Debtors to retain $4,000 of the $6,027 workers compensation proceeds for the purpose of repairing the roof and directed the Debtors' workers compensation attorney, Richard Gilpin, to remit the remaining $2,027 to the Trustee pending final resolution of the Motion.

In support of their Motion to Retain Proceeds, the Debtors have submitted estimated bills for proposed improvements to their home. Other than those items listed for roof-related repair, the proposed improvements include: purchase and installation of new kitchen cabinets, sink, disposal and faucets for $3,254.54; and purchase and installation of storm windows for $2,000. The Trustee alleges in its brief that the Debtors have already deposited $1,000 towards the new kitchen cabinets and fixtures.

## DISCUSSION

The Debtors' Motion presents three issues: 1) is the workers compensation settlement included in the "best interest of creditors" test of § 1325(a)(4); 2) should the workers compensation settlement, even if exempt under state law, be considered disposable income as defined in § 1325(b) and thus potentially be included within the payments to be disbursed to creditors; and 3) are the proposed improvements to the Debtors' home reasonably necessary for the maintenance and support of the Debtors.

*I.   The Workers Compensation Settlement and § 1325(a)(4).*

For a consumer wishing to seek bankruptcy protection, Chapter 13 offers some unique advantages over Chapter 7. While Chapter 7 is an immediate liquidation of a debtor's property in order to pay creditors, Chapter 13 avoids the liquidation process and instead permits a debtor to devote post-bankruptcy earnings to pay creditors. The choice as to which Chapter to file is completely left to the consumer's discretion, but the Bankruptcy Code does contain several provisions to ensure protection for creditors. One such pro-

vision is § 1325(a)(4). Under this subsection, a Chapter 13 plan must pay unsecured creditors at least as much as that creditor would receive if the debtor had filed a Chapter 7 bankruptcy. This element of Chapter 13 confirmation is frequently referred to as the "best interest of creditors test."

In determining that a Chapter 13 plan meets the best interests of creditors test, a court must consider only that property that would be included in a hypothetical Chapter 7 liquidation. Since state law exempts certain property from liquidation, see § 522, it is axiomatic that such exempt property would not be considered in the best interest of creditors analysis of § 1325(a)(4).

In this case, Missouri law is unequivocal in its treatment of workers compensation proceeds. Section 287.260 of the Missouri Revised Statutes provides:

> The compensation payable under this chapter, whether or not it has been awarded or is due, shall not be assignable, shall be exempt from attachment, garnishment and execution ...

Although the workers compensation proceeds did not exist on the date the Debtors filed their petition, the language of § 287.260, "whether or not [the compensation] has been awarded or is due," is sufficiently broad to cover unliquidated claims for workers compensation. This conclusion is further bolstered by *In re Mitchell,* 73 B.R. 93 (Bankr.E.D.Mo.1987), in which this Court held that Missouri's common law exemption of personal injury causes of action from attachment and execution was sufficient to permit a Chapter 7 debtor's assertion that his unliquidated personal injury claim was exempt. Because the Debtors workers compensation proceeds are exempt, they need not be considered in the "best interest of creditors test" of § 1325(a)(4).

*II.   The exempt workers compensation proceeds and § 1325(b).*

The Trustee argues that even if the workers compensation proceeds are exempt, the Debtors still must meet the disposable income requirements of § 1325(b). Under this section, a Chapter 13 debtor's plan must

either pay all of the claims in full or "provide that all of the debtor's disposable income ... be applied to make payments under the plan." This subsection ensures that the proposed Chapter 13 plan is the best efforts of the debtor as it provides a meaningful standard for determining what portion of a debtor's income must be devoted to a Chapter 13 plan. See Sen.Rep't No. 65, 98th Cong. 1st Sess. 20–22, 64 (1983). Unlike the asset based best interest of creditors test, § 1325(b) looks at income which can be derived from many sources including exempt property. Here, the Trustee asserts that the workers compensation proceeds are income and thus must be factored into § 1325(b)'s obligation to provide all of the Debtors' disposable income to the Chapter 13 plan.

Case law supports the Trustee's position. In *Watters v. McRoberts,* 167 B.R. 146 (S.D.Ill.1994), the district court affirmed the bankruptcy court's determination that § 1325(b) does not quantify income by reference to its exempt status. Quoting *In re Schnabel,* 153 B.R. 809, 816 (Bankr.N.D.Ill. 1993), the district court noted that "without an express or even implied limitation in § 1325(b) on 'income' relating to its exempt status, this court will not impose one." *Watters* at 147. See also *In re Solomon,* 166 B.R. 832, 841 (Bankr.D.Md.1994) ("there is absolutely no language in the disposable income test or definition in § 1325(b) to suggest that disposable income is limited to income that is exempt or from nonexempt assets").

This Court shall follow the reasoning in *Watters, Schnabel,* and *Solomon* and will not read § 1325(b) with a limitation on the word "income," such that all exempt property would be excluded from its definition.[2] Thus, even though the Debtors' workers compensation proceeds are exempt, the Debtors are required to include these proceeds as income which must be devoted to the Chapter 13 plan unless "reasonably necessary for maintenance or support of the debtor[s]." § 1325(b)(2)(A).

*III.   The proposed improvements and "reasonably necessary for the maintenance and support" of the Debtors.*

■  The remaining issue is one of fact. Do the proposed improvements to the Debtors' house meet § 1325(b)(2)(A)'s requirements that a debtor keep only that income which is "reasonably necessary for the maintenance or support of the debtor"? In this case the Debtors submitted several proposed improvements other than the roof repair already authorized by this Court. They include: purchase and installation of new kitchen cabinets, sink, disposal and faucets for $3,254.54; and purchase and installation of storm windows for $2,000.

It has long been the policy of this Court to permit Chapter 13 debtors to make needed repairs on a principal residence. Such repairs prevent damage to collateral (which is often subject to a lien) as well as preserve the safety and well-being of the debtor and family. In this case, the Debtors have already received $4,000 to repair their roof and may have also spent an additional $1,000 toward new cabinets and fixtures. While with the winter approaching, storm windows may be helpful, the Debtors have failed to provide any evidence that the current windows are in need of repair or are damaged in any way. Nor is it likely that new kitchen cabinets, a sink, disposal and faucets are anything other than improvements and not maintenance or repair items. Having previously awarded $4,000 for roof repairs, it is the opinion of this Court that the $2,027 remaining in workers compensation proceeds should be considered "disposable income" under § 1325(b) and not "reasonably necessary for the maintenance and support" of the Debtors.

**CONCLUSION**

For the foregoing reasons, it is

ORDERED that the Motion to Allow Debtors to Keep the Proceeds of Workers Compensation Suit is DENIED except to the

---

**2.** The obligation of § 1325(b) is, in fact, entirely consistent with the fresh start policy behind exemptions because it permits a debtor to keep what is reasonably necessary for support, but not so much as to defraud or short-change creditors.

extent permitted herein for roof repair ($4,000);

IT IS FURTHER ORDERED that the Debtors treat the balance of the proceeds as income available for distribution under their Chapter 13 plan and file an amended plan to that effect.