**In re Eugene Wayne KOCH and Debra Marie Nelson–Koch, Debtors.**

**Wesley HUISINGA, United States Trustee, Appellant,**

**v.**

**Eugene Wayne KOCH and Debra Marie Nelson–Koch, Appellees.**

**Bankruptcy No. 94–40262.**
**No. CIV 94–4265.**

United States District Court,
D. South Dakota,
Southern Division.

Sept. 28, 1995.

the Trustee's motion to dismiss this Chapter 7 proceeding for substantial abuse under 11 U.S.C. § 707(b). For the reasons discussed below, the Court affirms.

Debtors, who are husband and wife, jointly filed this Chapter 7 case on May 13, 1994. On Schedule B, the debtors claim personal property assets in the amount of $2,236.63, and on Schedule C, they claim these assets are exempt under 11 U.S.C. § 522(b)(2). Debtors report that there are no creditors with secured claims, but on Schedule F they list forty-four claims of unsecured non-priority creditors in the total amount of $29,885.15. Debtors amended Schedule F to include two more unsecured claims in the amount of $290.40, bringing the grand total of unsecured claims to $30,175.55. This amount includes $14,114.46 for credit card debt, $15,701.50 for medical bills, and $359.59 for compact disc and book clubs, computer services, and magazines. There is no dispute that these debts are primarily consumer debts for purposes of § 707(b).

On Schedule I—Current Income, debtors report that Debra Nelson–Koch earns $1,369.81 in net monthly wages and Eugene Koch receives $571.00 in monthly social security benefits for a total monthly income of $1,940.81. On Schedule C, debtors claim as exempt the weekly workers compensation benefits awarded to Eugene Koch in lieu of a lump-sum payment in 1985. He receives $310.00 weekly, or approximately $1,343.33 per month, and these benefits will continue for the rest of his life.

On Schedule J, debtors claim total monthly expenses of $1,841.00. This includes $540.00 for rent, $86.00 for utilities, $150.00 for telephone, $400.00 for food, $200.00 for transportation, $180 for home maintenance, clothing, laundry, and medical expenses, $75.00 for recreation, $50.00 for charitable contributions, $35.00 for auto insurance, and $125.00 for work lunches. If the workers compensation benefits are exempt, debtors have monthly disposable income of $99.81.[1] If

Charles Nail, U.S. Trustee, Sioux Falls, SD, for appellant.

Douglas P. Cummings, Jr., East River Legal Services, Sioux Falls, SD, for appellees.

A. Thomas Pokela, Trustee, Sioux Falls, SD.

Craig P. Gaumer, U.S. Attorney's Office, Sioux Falls, SD, for interested party, U.S.A.

MEMORANDUM OPINION AND ORDER

PIERSOL, District Judge.

The United States Trustee appeals the decision of the Bankruptcy Court denying

---

1. This figure does not include any further reduction in monthly expenses that debtors may be able to achieve by cutting costs for transportation, work lunches, telephone, recreation, and/or charity. *See In re Walton*, 866 F.2d 981, 985 (8th Cir.1989) (citing *In re Grant*, 51 B.R. 385, 394

those benefits are not exempt, debtors have monthly disposable income of $1,443.14.

The Trustee moved to dismiss the case for substantial abuse under § 707(b). The Trustee argued in his brief and at the hearing before the Bankruptcy Court that the proper test for determining substantial abuse under Eighth Circuit law is whether debtors have the ability to repay their debt out of future income under a Chapter 13 plan, as set out in *In re Walton,* 866 F.2d 981, 985 (8th Cir.1989). *See also Fonder v. United States,* 974 F.2d 996, 999 (8th Cir.1992) (following *Walton*), and *United States Trustee v. Harris,* 960 F.2d 74, 77 (8th Cir.1992) (same). The Trustee further argued, relying on *In re Rogers,* 168 B.R. 806 (Bankr. M.D.Ga.1993), and *In re Morse,* 164 B.R. 651 (Bankr.E.D.Wash.1994), that exempt income may be included in calculating disposable income for purposes of a Chapter 13 plan because nothing in § 1325(b) limits income to only non-exempt sources.[2]

Based upon the debtors' schedules, the Trustee presented evidence at the hearing that, if the workers compensation benefits are included in monthly income, debtors have the ability to repay $50,693.04, or approximately 167.99% of their unsecured debt during the course of a three-year Chapter 13 plan. (Trustee's Ex. 1.) The Trustee's exhibits adjusted the figures taken from the schedules to reflect that debtors' rent increased slightly after the petition was filed. (Oct.1994 Hr'g Tr. at 5.) Trustee's Exhibit 2 showed that debtors could fund a Chapter 13 plan because they have the ability to repay more than fifty percent of unsecured debts in three to five years. *See Fonder,* 974 F.2d at 998 (observing that most bankruptcy courts equate ability to fund Chapter 13 plan with ability to repay at least fifty percent of unsecured debt in three to five years).

(Bankr.N.D.Ohio 1985) for proposition that debtors' lack of resolve to "tighten their belts or to incur debts with clear intent to pay their creditors" may be considered along with ability to pay unsecured debt in deciding whether to dismiss for substantial abuse).

**2.** 11 U.S.C. § 1325(b)(2) defines disposable income as

Debtors resisted the motion to dismiss, arguing that the workers compensation benefits are exempt from claims of creditors under S.D. Codified Laws Ann. § 62–4–42 (1993) (excepting only child and spousal support claims). They contended that Eugene Koch is totally permanently disabled from employment, and his workers compensation benefits do not qualify as property of the bankruptcy estate under 11 U.S.C. § 1306 for purposes of filing a Chapter 13 plan. In support, debtors briefly cited one case during argument, *In the Matter of Yonikus,* 996 F.2d 866 (7th Cir.1993), and offered it to the Bankruptcy Court for general guidance in considering whether workers compensation benefits may be included in the bankruptcy estate under a Chapter 13 plan. Debtors argued that they cannot be forced into Chapter 13.

Eugene Koch testified at the hearing that, after the Chapter 7 petition was filed, he fell and injured his back on private property. This injury required him to have a tenth back surgery, incurring additional medical expenses in the range of $40,000.00 to $50,-000.00. (Oct.1994 Hr'g Tr. at 8.) He testified that he contacted another attorney to pursue a damages claim against the landowner, but he did not notify his bankruptcy attorney about the increased medical bills until the day of the bankruptcy hearing. (*Id.* at 9–10.) Debtors did not provide any evidence at the hearing to substantiate the new medical bills, and they did not amend their bankruptcy schedules.

The Trustee argued that debtors still have the ability to repay all unsecured debt within five years, even including the additional $50,-000.00 in medical bills. He argued that debtors' monthly disposable income of $1,408.00, paid over sixty months, would satisfy $84,-480.00 in unsecured debt, more than enough

... income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

to cover debtors' scheduled and newly incurred unsecured debt.

Ruling from the bench, the Bankruptcy Court denied the Trustee's motion to dismiss, rejecting the holdings of the *Rogers* and *Morse* cases that exempt income may be considered in determining whether debtors have disposable income under § 1325(b) to fund a Chapter 13 plan. The Bankruptcy Court held that the workers compensation benefits are exempt under state law, and Congress has not expressly stated that such benefits can be included in calculating disposable income. (Oct.1994 Hr'g Tr. at 29–30.) The Bankruptcy Court memorialized the ruling in an Order filed on October 25, 1994.

The Trustee timely appealed. This Court has jurisdiction to consider the appeal under 28 U.S.C. § 158(a). *See In re Kjellsen,* 53 F.3d 944, 946 (8th Cir.1995) (holding that district court has jurisdiction to hear interlocutory appeal of bankruptcy court's denial of dismissal motion). This Court must review the Bankruptcy Court's factual findings for clear error and its legal conclusions de novo. *Wegner v. Grunewaldt,* 821 F.2d 1317, 1320 (8th Cir.1987). The facts are not in dispute in this case. Because the debtors begin with a presumption in favor of granting Chapter 7 relief, 11 U.S.C. § 707(b), the Trustee has the burden to rebut that presumption. *See In re Walton,* 866 F.2d at 985; *Rogers,* 168 B.R. at 807–08.

■ The Trustee correctly contends, and debtors do not dispute, that debtors' ability to fund a Chapter 13 plan can be sufficient reason to dismiss their Chapter 7 petition under § 707(b) for substantial abuse. *See Fonder,* 974 F.2d at 999; *Harris,* 960 F.2d at 77. Thus, in deciding whether the motion to dismiss under § 707(b) should be granted, the Court must consider, hypothetically, whether debtors have disposable income to fund a Chapter 13 plan.[3]

■ Debtors argued below that workers compensation benefits which are exempt under state law cannot constitute property of a Chapter 13 estate under § 1306. The Bankruptcy Court did not address this issue. The only case that debtors cited below contradicts their position and holds that a debtor's interest in his future workers compensation benefits is brought into a Chapter 13 bankruptcy estate under 11 U.S.C. § 541. *In the Matter of Yonikus,* 996 F.2d at 869. *See also In re Minor,* 177 B.R. 576, 579–80 (Bankr. E.D.Tenn.1995); *In re Howell,* 4 B.R. 102, 106 (Bankr.M.D.Tenn.1980). The Court follows these cases to hold that debtors' workers compensation benefits are included as property of a Chapter 13 estate.

■ At oral argument in this appeal, debtors relied upon a recent Eighth Circuit case, *In re Berger,* 61 F.3d 624 (8th Cir.1995), to renew their argument that workers compensation benefits exempt under state law are not property of a Chapter 13 estate. *Berger* does not address that precise question. Rather, the case holds, in the context of a Chapter 12 proceeding, that life insurance proceeds which are exempt from creditors under South Dakota law may not be included in calculating the amount of disposable income available to pay the claims of unsecured creditors under 11 U.S.C. § 1225(b).[4] Although the Eighth Circuit has not yet decided the question presented here—whether workers compensation benefits that are exempt under state law may be included in determining the amount of disposable income a debtor has available under § 1325(b) to fund a Chapter 13 plan—the *Berger* case is so closely analogous that it controls the result in this appeal. Section 1225(b), the statute construed in *Berger,* and § 1325(b), the statute at issue here, contain very similar definitions of "disposable income." There-

---

3. If a Trustee or a creditor objects to a debtor's proposed Chapter 13 plan, the bankruptcy court cannot confirm it unless the plan provides that all of the debtor's disposable income goes to fund the plan for a three year period. 11 U.S.C. § 1325(b)(1)(B); *In re Dempton,* 182 B.R. 38, 41 (Bankr.W.D.Mo.1995); *In re Morse,* 164 B.R. at 655.

4. The Bankruptcy Code permits a debtor to remove from the Chapter 13 estate any property that is deemed exempt from execution under state or federal law. *Id.* South Dakota residents are prohibited from using federal exemptions, S.D.Codified Laws Ann. § 43–45–13 (1983), and they are confined to the exemptions provided under state law. *See In the Matter of Yonikus,* 996 F.2d at 870.

fore, the Eighth Circuit panel's ultimate conclusion that property exempt under state law may not be included in calculating disposable income compels the Court to affirm the Bankruptcy Court's decision in this case.

Even though the Court applies *Berger* to affirm in this case, the Court acknowledges that a line of bankruptcy cases decided under *Patterson v. Shumate*, 504 U.S. 753, 760, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992), would compel the opposite result. The *Berger* opinion does not cite any of these bankruptcy cases or *Patterson*. In the case of *In re Minor*, 177 B.R. 576, 579 (Bankr. E.D.Tenn.1995), debtors claimed that workers compensation benefits paid in a lump sum are exempt property under Tennessee law and should not be included in calculating disposable income in Chapter 13. The Tennessee statute at issue in that case, Tenn. Code Ann. § 50–6–223(a) (1991), is nearly identical to the South Dakota statute at issue here. The bankruptcy court in *Minor* held, relying primarily upon *In re Schnabel*, 153 B.R. 809 (Bankr.N.D.Ill.1993) (pertaining to pension and social security income), that the language of § 1325(b) does not expressly or implicitly qualify income by reference to its exempt status, and to allow a debtor to attain a Chapter 13 discharge without also requiring the debtor to pay creditors as much as he is able would contravene the express purpose of the statute—that the debtor make payments under the plan. *Id.*

"Where there is no express limitation in the [statutory] text, the Debtor bears an 'exceptionally heavy' burden of persuading the Court that Congress intended one." *In re Schnabel*, 153 B.R. at 815–16 (quoting). *See also In re Minor*, 177 B.R. at 580 (citing 2 Keith M. Lundin, Chapter 13 Bankruptcy § 5.35 (2d ed. 1994) ("There is no mention of exemptions from projected disposable income in § 1325(b)(2).")). Thus, the bankruptcy courts in *Minor* and *Schnabel* held, under the guidance of the Supreme Court in *Patterson*, that, without an express or implicit limitation in § 1325(b)(2) qualifying disposable income by reference to its exempt status, they would not judicially impose such a limitation. *Minor*, 177 B.R. at 582; *Schnabel*, 153 B.R. at 815. As noted in *Minor*, 177

B.R. at 581, numerous other bankruptcy courts have adopted the reasoning and holding of *Schnabel* in determining that various types of exempt income are nonetheless includable as disposable income under § 1325(b). The Bankruptcy Court for the Eastern District of Missouri held in *In re Jackson*, 173 B.R. 168, 171 (Bankr.E.D.Mo. 1994), that workers compensation benefits, even though exempt, must be included in a Chapter 13 disposable income calculation.

Debtors rely upon *In re Brady*, 86 B.R. 616 (W.D.Mo.1987), in which the district court, without extensive analysis, reversed the bankruptcy court's decision on substantial abuse and held that a Chapter 7 debtor's social security benefits were exempt income and could not be used to fund a Chapter 13 plan. In *Walton*, decided nearly two years after *Brady*, a panel of the Eighth Circuit disapproved of the district court's decision in *Brady* and confirmed that the bankruptcy court's dismissal of the Chapter 7 petition for substantial abuse was the correct view of the law. *See In re Walton*, 866 F.2d at 984 n. 7. Thus, it appears that different panels of the Eighth Circuit may have different views as to whether exempt income should be counted in a disposable income determination, although the *Walton* panel's view was expressed in a footnote and not in an explicit holding in the text.

The Court is compelled to conclude, under the direct holding of *Berger*, that the Bankruptcy Court correctly decided that income exempt under state law cannot be included in a Chapter 13 disposable income calculation for purposes of deciding whether debtors' Chapter 7 petition should be dismissed for substantial abuse. Accordingly,

IT IS ORDERED that the Bankruptcy Court's Order Dismissing U.S. Trustee's Motion To Dismiss For Substantial Abuse is affirmed.