In re Jeffrey A. **POHL**, Sr. and Lisa M. Pohl, Debtors.

Jeffrey A. Pohl, Sr. and Lisa M. Pohl, Movants,

v.

Ronda J. Winnecour, Trustee, Respondent.

No. 03–10699.

United States Bankruptcy Court, W.D. Pennsylvania.

Nov. 2, 2004.

Michael J. Graml, Erie, PA, for Debtor.

Ronda J. Winnecour, Pittsburgh, PA, Chapter 13 Trustee.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Factual Background

Jeffrey A. Pohl, Sr. ("Mr. Pohl") and Lisa M. Pohl ("Mrs. Pohl") (or Mr. Pohl and Mrs. Pohl, collectively "Debtors") filed a voluntary Petition under Chapter 13 of the Bankruptcy Code on March 26, 2003. Debtors filed a Chapter 13 Plan on the

same date (the "Plan"). Ronda J. Winnecour, Esq. ("Trustee") serves as Chapter 13 Trustee. Schedule B which accompanies Debtors' Petition lists as an asset a contingent and unliquidated Workers' Compensation Claim with an unknown value. On Schedule C, Property Claimed as Exempt, Debtors list the Workers' Compensation Claim and claim it as exempt in its entirety pursuant to § 522(d)(11)(E) and § 522(d)(10)(C).

Debtors' proposed Plan contemplated a payment of $1,000 per month for 60 months. An Order confirming the Plan was entered August 22, 2003. The confirmation Order provides that the Plan payment is raised to $1,113 per month and also provides, *inter alia,* that:

> The pool for timely-filed unsecured creditors is set at a minimum of $12,900 to reflect the debtors' best effort. The Trustee preserves additional objections pending the resolution of the debtor husband's worker's compensation claim.

Presently before the Court is Debtors' APPLICATION FOR AUTHORIZATION TO DISTRIBUTE SETTLEMENT OF WORKERS' COMPENSATION CLAIM OF JEFFREY A. POHL, SR. AND ALLOWANCE OF PROFESSIONAL COMPENSATION PURSUANT TO 11 U.S.C. § 329 ("Motion").[1] Debtors propose to distribute the settlement amount of $64,000 as follows: $12,800 to special counsel who prosecuted the claim on a 20% contingency fee basis and the balance of $51,200 to Mr. Pohl for his claimed exemption under § 522(d)(10)(C) and § 522(11)(E). The Trustee agreed to the payment of $12,800 to special counsel and a distribution of $10,000 to Mr. Pohl. The Trustee objects to the distribution of the balance of $41,200 (the "Proceeds":) to Mr.

Pohl. The Trustee agrees that the workers' compensation Proceeds are exempt, but asserts that the Proceeds are income which is property of the estate and that a portion of the Proceeds in an amount sufficient to pay 100% to unsecured creditors must be paid into the Plan to satisfy the best efforts requirement of the Code. Debtors assert that the issue is not best effort, rather the Proceeds are future income which the Debtors may exempt that should be distributed to them.

### Discussion

■ Section 1325 sets forth the requirements that must be met before a Chapter 13 plan can be confirmed. Under § 1325(a), the Court must confirm a Chapter 13 plan, in the absence of an objection by the Chapter 13 Trustee or an unsecured creditor, if (1) the plan satisfies the provisions of Chapter 13 and other applicable provisions of Title 11; (2) the requisite court fees and charges have been paid; (3) the plan is proposed in good faith; (4) the plan meets the liquidation alternative test—the value, as of the effective date of the plan, of property to be distributed under the plan on account of each unsecured claim must be not less than the amount that would have been paid on that claim if the estate of the debtor were liquidated under Chapter 7 on the effective date of the plan; (5) each secured creditor has accepted the plan, or the plan provides that each secured creditor retain its lien in addition to receiving the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim, not less than the allowed amount of such claim, or the debtor surrenders the property securing such claim; and (6) the plan is feasible.

---

1. All references to Code sections are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

If the Chapter 13 Trustee or the holder of an unsecured claim objects to confirmation of a plan, attention must be directed to § 1325(b) which provides in relevant part:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C. § 1325(b).

In this case, the Trustee preserved objections pending resolution of the Workers' Compensation claim and raises that objection in response to the present Motion. At the time of confirmation, it was contemplated that Mr. Pohl would obtain the Proceeds during the case. We must now decide whether the Proceeds constitute "disposable income" that must be paid into the Plan for the benefit of creditors in order to meet the "best efforts" requirement of § 1325(b)(1)(B).

In the 1984 amendments, Congress imposed a new limitation on Chapter 13 relief—if an unsecured creditor or trustee objects to confirmation, the Chapter 13 plan must "provide that all of the debtor's projected disposable income to be received [during the three-year plan] will be applied to make payments under the plan." § 1325(b)(1)(B). The statute defines "disposable income" as income received by the debtor that is not reasonably necessary to support the debtor, the debtor's dependents, or the debtor's business. § 1325(b)(2). Under the amended statute, the exempt income question becomes something of a two-edged sword for prospective Chapter 13 debtors. They may need to include exempt income to qualify as "an individual with regular income." But exempt income not reasonably needed for support then becomes "disposable income" that must be paid to creditors. Despite this additional implication, courts since 1984 have continued to hold that revenues received from exempt sources during the life of a Chapter 13 plan are "income," the disposable portion of which must be paid to unsecured creditors if the plan is to be confirmed (or if a Chapter 13 discharge is to be awarded, the issue that arises when unexpected disposable income is received after confirmation). *See In re Freeman,* 86 F.3d 478, 480–81 (6th Cir.1996) (tax refunds); *In re Hagel,* 184 B.R. 793, 796–97 (9th Cir. BAP 1995) (social security benefits); *In re Minor,* 177 B.R. 576, 579 (Bankr. E.D.Tenn.1995) (workers' compensation benefits); *Watters v. McRoberts,* 167 B.R. 146, 147 (S.D.Ill.1994) (personal injury recovery); *In re Schnabel,* 153 B.R. 809, 815–16 (Bankr.N.D.Ill.1993) (social security and pension benefits); *In re Sassower,* 76 B.R. 957, 960 (Bankr. S.D.N.Y.1987) (pension, welfare, and unemployment benefits).

*In re Koch,* 109 F.3d 1285, 1289 (8th Cir. 1997).

■ Workers' Compensation settlement proceeds, though allowed as exempt, are properly considered in a determination of disposable income. *In re Gebo,* 290 B.R. 168 (Bankr.M.D.Fla.2002); *In re Baines,* 263 B.R. 868 (Bankr.S.D.Ill.2001).

■ Debtors must provide in their Plan for the payment of "disposable income" to creditors. "Disposable income, for individ-

uals not engaged in business...is that income 'not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor...'." *In re Anes,* 195 F.3d 177, 180 (3d Cir.1999) *quoting* § 1325(b)(2)(A).

■ We are unable to determine from the record what the Proceeds represent, i.e., payment for past or future lost wages and/or payments for past or future medical expenses, or payment of some other form of claim. Likewise, we are unable to determine if the Proceeds are reasonably necessary for the support of the Debtors and their dependents. An evidentiary hearing will be scheduled to determine to what extent that Proceeds constitute "disposable income" that must be paid into the Plan.

### ORDER

This 2 day of November, 2004, in accordance with the accompanying Opinion, it shall be, and hereby is, ORDERED that an evidentiary hearing on Debtors' Application for Authorization to Distribute Settlement of Workers' Compensation Claim is fixed for Wednesday, January 19, 2005 at 1:30 p.m. in the U.S. Courthouse, Bankruptcy Courtroom, 17 South Park Row, Erie, PA. One-half day has been reserved on the Court's calendar.