**In re John ROMAGNO and Theresa Romagno, Debtors.**

**Bankruptcy No. 92–B–20809 (HS).**

United States Bankruptcy Court, S.D. New York.

Oct. 1, 1993.

Kurtzman, Haspel & Stein, Spring Valley, NY, for debtors.

Gainsburg & Hirsch, Purchase, NY, for trustee.

### MEMORANDUM DECISION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Hal Hirsch, the Trustee in this Chapter 7 bankruptcy case objects to an exemption claimed by the debtors, John and Theresa Romagno, under New York Debtor and Creditor Law § 282(iii)(3) for the proceeds of a pending personal injury action for pain and suffering. In support of his position, the Trustee argues that under the statute, property which represents pain and suffering is not exempt from creditors. The debtors, in opposition, argue that all of the proceeds of the personal injury action which represent pain and suffering are exempt.

Upon commencement of a case in bankruptcy, all property of the debtor becomes property of the estate under 11 U.S.C. § 541. Pursuant to 11 U.S.C. § 522(b), an individual debtor may elect to claim as exempt certain property enumerated by the Bankruptcy Code. The statute permits a state to "opt out" of the federal exemptions. New York expressly mandates that its laws govern exemptions. New York

Debtor and Creditor Law § 284. The debtors in this case are New York residents. Accordingly, because New York has opted out of the federal exemptions, state exemption laws govern.

New York Debtor and Creditor Law § 282(iii)(3) states in relevant part as follows:

§ 282. **Permissible exemptions in bankruptcy.**

Under section five hundred twenty-two of title eleven of the United States Code, entitled "Bankruptcy", an individual debtor domiciled in this state may exempt from the property of the estate, to the extent permitted by subsection (b) thereof, ... (iii) the following property: 3. Bankruptcy exemption for right to receive certain property.

The debtor's right to receive, or property that is traceable to:

(iii) a payment not to exceed seventy-five hundred dollars on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent;

New York Debtor and Creditor Law § 282(iii)(3).

The dispute between the debtors and the Trustee over the status of the debtors' claimed exemption turns upon the construction of this statute. The Trustee construes the phrase "not including" as excluding any money received for pain and suffering from the exemption. The Trustee maintains that the exemption is for bodily injury only and excludes and remuneration for pain and suffering. The debtors construe the phrase "not including" to mean that payments representing pain and suffering are exempt without limitation. Accordingly, the debtors argue that the entire amount of money damages for pain and suffering constitutes exempt property. No case has addressed the exemption provision in the current New York statute. However, other courts have considered substantially similar laws.

Courts that have considered comparable statutes have held that the exemption excludes all amounts representing pain and suffering. *In re Lester*, 141 B.R. 157 (S.D.Ohio 1991); *In re Territo*, 36 B.R. 667 (Bankr.E.D.N.Y.1984). The rationale behind these cases is that the exemption covers only physical injuries. This reading of the statute is in accord with the legislative intent behind 11 U.S.C. § 522(d)(11)(D) which is nearly identical in language to the New York law in issue. The exemption "... is designed to cover payments in compensation of actual bodily injury, such as loss of limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payments, pain and suffering, or loss of earnings." H.R. No. 95–595, 95th Cong., 1st Sess. 361–362 (1977); U.S.Code Cong. & Admin.News 1978, 5787, 6318.

This court agrees that the proceeds of the law suit which represent pain and suffering do not constitute exempt property. Accordingly, the Trustee's objection to the claimed exemption is sustained.

SETTLE ORDER on notice.