In re James A. CLAUDE and Barbara
J. Claude, Debtors.

Gary J. GAERTNER, Trustee, Movant,

v.

James A. CLAUDE and Barbara
J. Claude, Respondents,

Barbara J. Claude, Movant.

Bankruptcy No. 94–10048.
Motion Nos. CTT–1, SHH–20.

United States Bankruptcy Court,
W.D. Pennsylvania.

March 25, 1997.

---

Stephen H. Hutzelman, Erie, PA, for Debtors.

Gary J. Gaertner, Pittsburgh, PA, Trustee.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Statement of the Case

The issue for determination in this Chapter 13 case is whether Debtors are entitled to exempt the net settlement proceeds in the amount of $16,433.20 ("Proceeds") obtained in the settlement of personal injury claims asserted by Barbara Claude and a loss of consortium claim asserted by James Claude against Dennis A. Sneary and the Hobart Corporation ("Defendants"). Barbara Claude claims an exemption in the Proceeds pursuant to § 522(d)(11)(D)[1] and § 522(d)(11)(E). The Chapter 13 Trustee ("Trustee") objects to the claimed exemptions.

### Factual Background

Barbara Claude's medical records reveal that she suffered a broken wrist when her right arm was caught in a mixer at work on March 11, 1991. Mrs. Claude required corrective surgery and physical therapy. She was able to return to work on a full time basis by July 18, 1991. At that time, she "essentially had normal function" of the wrist. Later, Mrs. Claude experienced some aching and visited the doctor in April, 1992. At that time, she was instructed not to overuse her arm. Mrs. Claude incurred medical expenses in connection with the injury in the amount of $8,706.25.

---

1. All code sections refer to Title 11 of the United States Code, unless otherwise indicated.

Debtors filed a Complaint against Defendants in the Court of Common Pleas of Erie County, Pennsylvania. Mrs. Claude sought compensation for medical expenses, loss of income and earning potential, pain and suffering, and disfigurement. Mr. Claude sought compensation for the loss "of the services and society of his wife."

On October 23, 1995, a Motion for Approval of Settlement was filed on behalf of Barbara Claude. Mrs. Claude sought approval of a settlement with the Defendants for $26,-000. The Motion makes no mention of Mr. Claude's loss of consortium claim. On December 6, 1995, the Motion was approved. After payment of attorney's fees and expenses, the settlement generated the Proceeds of $16,433.20.

The underlying settlement agreement provides for the general release of all claims by both Mr. and Mrs. Claude in exchange for the settlement payment and does not provide any breakdown as to the character of the payment.

### Positions of the Parties

#### Trustee

Both Debtors were Plaintiffs in the underlying Complaint. The Motion to Approve Settlement only sought authority to settle Mrs. Claude's claims. The Trustee posits that if Mr. Claude's loss of consortium claim was also settled, Mr. Claude is ineligible to claim an exemption under § 522(d)(11)(D) as he did not suffer bodily injury and that section is limited to an exemption "on account of personal bodily injury." This issue is easily resolved: Mr. Claude does not claim an exemption under § 522(d)(11)(D).

As to Mrs. Claude, the Trustee points out that in the underlying Complaint, Mrs. Claude sought recovery not only for bodily injury, but numerous other items including medical expenses and loss of income. The Trustee asserts that the portion of the Proceeds related to items other than personal bodily injury are not exemptible under § 522(d)(11)(D).

The Trustee further asserts that even if Mrs. Claude is entitled to a § 522(d)(11)(D) exemption, the Debtors must show that the exempt amount is reasonably necessary for the maintenance and support of the Debtors or their dependents in order for the Debtors to retain the exemption. It is the Trustee's position that a personal injury award constitutes disposable income and under § 1325(b)(1), all disposable income must be applied to payments under the Plan.

#### Debtors

Mrs. Claude asserts that her injury in and of itself warrants compensation of at least $7,500 and, therefore, she is entitled to a $7,500 exemption under § 522(d)(11)(D). The Debtors rely on § 522(d)(11)(E) to assert that the remainder of the Proceeds are exempt. The Debtors claim that they "need the funds for living."

#### Discussion

§ 522(d)(11)(D) and § 522(d)(11)(E) provide that a debtor may claim as exempt:

(D) a payment, not to exceed $7,500 [2] on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

■ The § 522(d)(11)(D) exemption does not cover awards for pain and suffering or reimbursement for actual pecuniary losses such as lost wages or medical expenses. *In re Martinez–Whitford,* 199 B.R. 74 (Bankr. D.Mass.1996); *In re Romagno,* 159 B.R. 439 (Bankr.S.D.N.Y.1993); *In re Lester,* 141 B.R. 157 (Bankr.SD Oh.1991). Here, as in most of the reported cases on this issue, the Debtors' right to the Proceeds arises out of a settlement agreement which is not explicit as to the character of the payment.

---

**2.** The Bankruptcy Reform Act of 1994 amended this amount to $15,000. The within case was filed prior to the effective date of the amendment.

Courts have struggled with the meaning of the language of § 522(d)(11)(D). The recent case of *In re Martinez–Whitford*, 199 B.R. 74 (Bankr.D.Mass.1996) collects the thoughts of several courts:

Several courts have struggled to define the scope of the § 522(d)(11)(D) exemption, finding the statutory language problematic. In the case of *In re Territo*, the court noted that, "[i]f read literally it could be reasonably concluded from the plain language of the statute that there exists no meaningful exemption for personal injuries, because if actual pecuniary loss and pain and suffering are excluded from exempt status, as the statute seems to say, there is really nothing left." 36 B.R. 667, 670 (Bankr.ED NY 1984). *In Matter of Lynn*, the court looked to the legislative history for assistance. 13 B.R. 361 (Bankr.WD Wis.1981). Regarding § 522(d)(11)(D), House Report 95–595 states the following:

This provision in subparagraph (D)(11) is designed to cover payments in compensation of actual bodily injury, such as the loss of a limb, and is not intended to include the attendant costs that accompany such a loss, such as medical payment, pain and suffering, or loss of earnings. Those items are handled separately by the bill.

H.R. 95–595 at 362, *U.S. Code Cong. & Admin. News* 1978, pp. 5787, 6318. The *Lynn* court reasoned that "[t]his legislative history cannot be taken seriously. It specifically excludes all of the types of losses that generally make up a personal injury award. [Footnote omitted.] If the legislative history for 11 U.S.C. § 522(d)(11)(D) is used to interpret this exemption, it has no meaning. The meaning of the exemption must be determined by the words of the statute itself and law interpreting those words." 13 B.R. at 362.

The Trustee and the Hospital argue from the legislative history of § 522(d)(11)(D) that the Debtor did not sustain the magnitude of bodily injury necessary to qualify for this exemption. This Court disagrees. As the *Territo* and *Lynn* courts observed, the statute together with its legislative history appear to exclude most common measures of damages for personal injury. It is, however, axiomatic that bankruptcy exemptions should be liberally construed in favor of debtors. *In re Link*, 172 B.R. 707 (Bankr.D.Mass.1994). This Court will not interpret Bankruptcy Code provisions which afford rights to debtors in a fashion that renders those rights illusory. *In re Witkowski*, 176 B.R. 114, 117 (Bankr.D.Mass.1994). Although § 522(d)(11)(D) excludes from the scope of the exemption payment in compensation for pain and suffering and actual pecuniary loss, this Court believes that the statute must provide for a meaningful exemption of a payment made on account of personal bodily injury. *See In re Lester*, 141 B.R. 157, 163 (SD Ohio 1991); *Territo*, 36 B.R. at 670; *Lynn*, 13 B.R. at 362. Physical injury is more than pain and financial loss. It also necessarily includes a loss of freedom and function.

"If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen." *In re Dealey*, 204 B.R. 17 (Bankr.CD Ill.1997). There is no dispute that Mrs. Claude received a serious bodily injury. We are persuaded by those cases which allow the $7,500 exemption under § 522(d)(11)(D) where it appears from the facts that the injury alone is extensive enough to warrant a $7,500 damage award. *In re Lester*, 141 B.R. 157 (SD Oh.1991) (As long as it appears from the facts that the claimed personal injury award could reasonably fall within the exempt category the court may allow it); *In re Haga*, 48 B.R. 492 (Bankr.ED TN 1985) (Debtor's actual bodily injury extensive enough to account for at least $7,500 of the damages awarded); *In re Territo*, 36 B.R. 667, 670 (Bankr.ED NY 1984) (Despite any pain and suffering that presumably accompanied the injury, the injury alone is extensive enough to account for all of the money received in settlement). *See also In re Martinez–Whitford*, 199 B.R. 74 (Bankr.D.Mass.1996); *In re Sidebotham*, 77 B.R. 504 (Bankr.ED Pa.1987).

Mrs. Claude suffered injury extensive enough to warrant a $7,500 exemption.

The next issue we must address is whether the portion of the Proceeds which Mrs. Claude might exempt constitute "disposable income" which must be applied by the Debtor toward the required payments under a Chapter 13 Plan to the extent that the exempt Proceeds exceed the amount reasonably necessary for the maintenance and support of the Debtors or their dependents.

Case law is not uniform on the issue of whether exempt property is included for the purpose of the calculation of disposable income. Some courts have held that exempt property is not included for purposes of the disposable income test under § 1325(b), while other courts have concluded that exempt property must be included. The Court of Appeals for the Sixth Circuit, in concluding that the plain language of § 1325(b) makes no reference to the exempt status, collects the cases:

The bankruptcy code defines "disposable income" for purposes of Chapter 13 as follows:

income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; ...

11 U.S.C. § 1325(b)(2)(A). Also applicable to the case here is the section of the statute that states:

[i]f the trustee or the holder of an allowed unsecured claim objects to confirmation of the plan [or amendment of a plan as in this case], then the court may not approve the plan unless ...

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan. *Id.* § 1325(b)(1)(B). The plain language of the statute makes no express or implied reference to the exempt status of income under state law.

We also look to how other courts have interpreted this statute. The courts are not uniform in their treatment of this matter; there is disparity even within certain circuits. Although this Court has not yet ruled on the specific issue of the exempt status of tax refunds, courts in the Sixth Circuit that have addressed this issue have found that the "projected disposable income" language of § 1325(b) does not expressly or implicitly qualify income by reference to its exempt status under state law. *See In re Minor,* 177 B.R. 576, 579 (ED Tenn.1995) (workers' compensation benefits are included as disposable income even though exempt under state law); *In re Howell,* 4 B.R. 102, 106 (Bankr.MD Tenn.1980) (same); *see also 2 K.M. Lundin,* Chapter 13 Bankruptcy § 5.35 (2d Ed.1994) ("There is no mention of exemptions from projected disposable income in § 1325(b)(2)."). Other circuits agree with this reasoning and have found income typically characterized as "exempt" under state law to be included in "disposable income" for purposes of Chapter 13. *See, e.g., In re Hagel,* 184 B.R. 793 (9th Cir. BAP 1995) (social security disability benefits); *Watters v. McRoberts,* 167 B.R. 146 (SD Ill.1994) (pre-petition personal injury award); *In re Schnabel,* 153 B.R. 809 (Bankr.ND Ill.1993) (social security and pension benefits); *In re Sassower,* 76 B.R. 957 (Bankr.SD NY 1987) (wages, investments, pensions, social security, welfare, unemployment benefits); *In re Taylor,* 15 B.R. 596 (Bankr.D Ariz.1981) (child support). Tax refunds have specifically been held not to be exempt property under Chapter 13. *In re Cochran,* 141 B.R. 270 (MD Ga.1992).

Other courts have held to the contrary, although they are in the minority. A court in the Ninth Circuit held without discussion that income exempt from taxes under state law is excluded from disposable income. *In re Tomasso,* 98 B.R. 513 (Bankr.SD Cal.1989). The later decision of the Ninth Circuit bankruptcy panel, *In re Hagel,* 184 B.R. 793 (9th Cir. BAP 1995), distinguished *Tomasso.*

The Eighth Circuit is in some confusion on the issue. One panel of the circuit found in a Chapter 12 case that income exempt from attachment by creditors under state law is not disposable income. *In re Berger,* 61 F.3d 624 (8th Cir.1995). Accord *In*

*re Koch,* 187 B.R. 664 (DSD1995); *In re Brady,* 86 B.R. 616 (WD Mo.1987) (social security benefits are not disposable income and could not be used to fund a Chapter 13 plan). But *see In re Walton,* 866 F.2d 981, 984 n. 7 (8th Cir.1989); *In re Jackson,* 173 B.R. 168, 171 (Bankr. ED Mo.1994) (workers' compensation benefits, even though exempt, are disposable income).

Courts in the Sixth Circuit also have reached inconsistent results. The debtor here relies on an overruled case, *In re Red,* 60 B.R. 113 (Bankr. ED Tenn.1986), where the debtor, like the debtor here, sought to exempt under state law a portion of a tax refund due in her first plan year. The *Red* court found that the provision in the plan allowing the debtor to retain all future tax refunds violated § 1325(b) because it allowed the debtor to retain "projected disposable income." The district court, however, found that the debtor could exempt an appropriate portion of her refund for the calendar year in which she filed for bankruptcy. *Id.* at 116. *Red* was overruled by *In re Minor,* 177 B.R. 576 (ED Tenn.1995). *Minor* held that it overruled *Red* to the extent that *Red* held that exempt income could be excluded from disposable income regardless of whether the provisions of § 1325 apply; that is, the time limitations of § 1325(b)(1)(B) ("all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan") or the requirement of § 1325(b)(2) (that "disposable income" means income that is not reasonably necessary to be expended "for the maintenance or support of the debtor or a dependent of the debtor"). The *Minor* court held that if the provisions of § 1325(b) apply, income that would be otherwise exempt under Tennessee law can still be "disposable income" for purposes of Chapter 13.

After *Minor,* the inquiry is fact-based and is dependent on the findings of the court as to whether the provisions of § 1325(b) are met; (1) was the tax refund "projected disposable income" as of the date the first payment was due under the plan (§ 1325(b)(1)(B)) and (2) was it "reasonably necessary" for the debtor to expend the tax refund for the maintenance or support of the debtor or a dependent of the debtor. The inquiry does not turn in any way on whether the income was "exempt" under Tennessee law. Because the debtor relies on the portion of *Red* that was overruled by Minor, the debtor's argument that the tax refund is automatically "exempt" income is unavailing.

*In re Freeman,* 86 F.3d 478, 480–81 (6th Cir.1996).

The Bankruptcy Court decision in the case of *In re Ferretti,* 203 B.R. 796 (Bankr. SD Fl.1996) is representative of those decisions which hold that exempt property is not considered in the disposable income analysis:

The final question to be addressed by this Court is whether the proceeds of the Auto Accident Claim constitute disposable income as used in 11 U.S.C. § 1322 and § 1325. § 1325(b)(2) provides:

For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

Many cases have concluded that exempt proceeds are considered disposable income. *See Watters v. McRoberts,* 167 B.R. 146, 147 (SD Ill.1994) (personal injury recovery); *In re Minor,* 177 B.R. 576, 583 (Bankr.ED Tenn.1995) (lump-sum worker's compensation settlement award); *In re Jackson,* 173 B.R. 168, 171 (Bankr.ED Mo.1994) (worker's compensation settlement); *In re Hagel,* 171 B.R. 686, 689 (Bankr.D.Mont.1994) (social security disability benefits); *In re Rogers,* 168 B.R. 806, 807 (Bankr.MD Ga.1993) (naval retirement benefits); *In re Morse,* 164 B.R. 651, 655 (Bankr.ED Wash.1994) (social security and military pension). *But see In re Solomon,* 67 F.3d 1128, 1135 (4th Cir.1995) (funds within exempt IRAs not included in

disposable income); *In re Berger,* 61 F.3d 624, 627 (8th Cir.1995) (finding in Chapter 12 case that exempt life insurance proceeds are not part of disposable income); *In re Koch,* 187 B.R. 664, 668 (D SD 1995) (exempt worker's compensation benefits not included in disposable income calculation); *In re Tomasso,* 98 B.R. 513, 515 (Bankr.SD Cal.1989) (personal injury settlement not part of disposable income); *In re Baker,* 194 B.R. 881 (Bankr.SD Cal. 1996) (exempt fund or property which is not "regular income" is not to be considered in calculation of disposable income in Chapter 13 matters).

The analysis of whether exempt proceeds are considered disposable income requires an examination of 11 U.S.C. § 522(c), which "essentially immunizes exempt property against any liability for pre-petition debts." *In re Reed,* 184 B.R. 733, 738 (Bankr.WD Tex.1995), *citing Owen v. Owen,* 500 U.S. 305, 307, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991). § 522(c) provides:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under § 502 of this title as if such debt had arisen, before the commencement of the case. . . .

The clear language of 11 U.S.C. § 522(c) protects exempt property, regardless of form, from pre-petition debts. This express limitation cannot be ignored for purposes of defining disposable income under 11 U.S.C. § 1325(b)(2). To include exempt property within the parameters of 11 U.S.C. § 1325(b)(2) directly conflicts with § 522(c).

As Debtor herein has claimed the full value of the Auto Accident Claim proceeds as exempt and no objections to the claim were filed, the property is deemed exempt. The Debtor is entitled to the balance of the undistributed proceeds of the Auto Accident Claim, even though auto accident claim proceeds are not entitled to exemption under existing law.

Id. at 799–800.

In *Watters v. McRoberts,* 167 B.R. 146 (SD Ill.1994), the court concluded that because the personal injury recovery was not necessary for the reasonable support of the debtor or his dependent, the recovery should be included within the payments to creditors:

This court agrees that since there is no such limitation on income in § 1325(b), one should not be imposed. Thus, the entire personal injury recovery, because it is not necessary for the reasonable support of the debtor or his dependents, [FN1] should be included within the payments to be disbursed to the creditors.

FN1. The Debtors' schedules reveal that the amount necessary for reasonable support is satisfied from other sources, such as the debtors' income from employment, and therefore, the personal injury recovery is not necessary for their support.

The court is unpersuaded by the debtors' reasoning that this conclusion results in unfairly penalizing the debtors for filing a Chapter 13 proceeding, rather than filing a Chapter 7 proceeding. The significant factor to be considered is the choice made by the debtors in filing the Chapter 13, as opposed to Chapter 7. Through filing a Chapter 13 proceeding, the debtors receive a number of advantages, (e.g. better credit reports subsequent to the proceeding, different discharge provisions), than they would under the provisions of Chapter 7. Also unpersuasive is the debtors' position that because the unsecured creditors are to receive more under the Chapter 13 plan than they would in liquidation, the personal injury recovery should not be included in disposable income. As the court has previously noted, Congress did not qualify or limit "disposable income." No reference to what the creditors would receive in a liquidation proceeding is included in the definition of disposable income, and therefore, this court will not add any such reference. *Id.*

*Id.* at 147–48.

■ We conclude that § 1325(b) does not qualify income with reference to its exempt status. Thus, the Proceeds are only exempt to the extent reasonably necessary for the support of the Debtors or their dependents, a

factual determination which must be resolved by an evidentiary hearing.

### § 522(d)(11)(E)

The Debtors claim an exemption in the balance of the Proceeds under § 522(d)(11)(E). § 522(d)(11)(E) provides an exemption for a "payment in compensation of loss of future earnings ... to the extent reasonably necessary for support...." The payment which Mrs. Claude received included compensation for her injury, pain and suffering, medical expenses, loss of earnings and perhaps other elements. We are unable to determine from the record how much of the award may have been for loss of earnings. It appears that such amount would be minimal given that Mrs. Claude suffered her injury on March 11, 1991 and was able to return to work on a full time basis by July 18, 1991. It is unclear whether or not Mrs. Claude had returned to work on a part time basis prior to July 18, 1991. Further, we are unable to determine from the record the extent which the award is reasonably necessary for the support of Mrs. Claude and her dependents. Debtors' entitlement to any additional exemption under § 522(d)(11)(E) also requires an evidentiary hearing.