In re James R. **RESCHICK**, Sr. and Tammy J. Reschick, Debtors.

James R. Walsh, Esq., Trustee of the Bankruptcy Estate of James R. Reschick, Sr. and Tammy J. Reschick, Movant,

v.

James R. Reschick, Sr. and Tammy J. Reschick, Respondent.

Bankruptcy Case No. 03–23763JAD.

United States Bankruptcy Court, W.D. Pennsylvania.

June 7, 2006.

James R. Walsh, Esq., Chapter 7 Trustee.

Robert H. Slone, Esq., Mahady and Mahady, Greensburg, PA, for Debtors/Respondents.

### MEMORANDUM OPINION

JEFFERY A. DELLER, Bankruptcy Judge.

The motion before the court is a Motion for Summary Judgment filed by the debtors/respondents, James and Tammy Reschick, with respect to the Trustee's objection to the debtors' claimed exemptions. This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A), (E) and (O). The Motion for Summary Judgment raises an issue that is relatively straight forward. This issue is: "May the debtor, James R. Reschick, Sr., exempt from property of the bankruptcy estate his interest in certain annuities derived from a pre-petition structured settlement of a personal injury case arising out of an automobile accident?" Because there is no dispute that Mr. Reschick may utilize the "wildcard" exemption found at 11 U.S.C. § 522(d)(5), and because Mr. Reschick may utilize the "personal bodily injury" exemption found at 11 U.S.C. § 522(d)(11)(D), the Court concludes that the debtor may exempt the annuities at issue from property of the estate. Therefore, for the reasons set forth more fully in this Memorandum Opinion, the Court grants the debtors' Motion for Summary Judgment and overrules the Chapter 7 Trustee's objection to the claimed exemptions.

### I.

### UNDISPUTED FACTS and PROCEDURAL

## HISTORY [1]

The debtors, James R. Reschick, Sr. and Tammy J. Reschick, are husband and wife, respectively. They are the parents of two young children, a daughter age nine (9) and a son age eleven (11). (Document No. 1—Schedule I).

On May 9, 1989, James R. Reschick, Sr. was involved in an automobile accident from which he suffered personal bodily injury. (Document No. 67—Stipulation of Facts [Paragraph 10] ). While Mr. Reschick's car was resting at a stop-light, his car was rear-ended by another motorist who was traveling at a high rate of speed. (*Id.*) The calamity resulted in Mr. Reschick suffering three (3) herniated discs in his lower back located at L4, L5 and S1 of the vertebrae (*Id.*) Following several visits to various physicians, automated percutaneous disectomy surgery was performed in an effort to repair the three herniated discs. (*Id.*) The surgery was partially successful thereby leaving Mr. Reschick with two partially herniated discs. (*Id.*) Since the accident, he has been disabled and unable to return to his job as a laborer because of his injuries. Because Mr. Reschick is disabled, he receives Social Security Disability benefits in the amount of $1,152.00 per month, along with monthly Social Security Disability benefits in the names of his daughter and son in the amounts of $307.00 each (or an aggregate amount of $614.00 on account of his children's support needs). (Document No. 67—Stipulation of Facts [Paragraph 12] ).

The personal injury case underlying the automobile accident was settled by Mr. Reschick on December 11, 1990 with Travelers Indemnity Company and Aetna Casualty and Surety Company.[2] (Document No. 67—Stipulation of Facts [Paragraph 11] ). The settlement amounts payable by the insurance companies to Mr. Reschick included certain lump sum payments, as well as structured settlements payable from annuities to Mr. Reschick in the future. (*Id.*) The annuity payments that are germane to this contested matter include the following annuity payments that are scheduled to be paid to Mr. Reschick as follows: $15,000 payable (or was paid) on December 29, 2005; $27,978.46 payable on December 29, 2010; and $27,978.46 payable on December 29, 2015 (collectively, the "Annuities").

The instant bankruptcy case was commenced by the debtors filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 27, 2003, and James R. Walsh, Esquire was appointed as Chapter 7 Trustee (referred to herein as the "Trustee"). (Document No. 1—Chapter 7 Voluntary Petition; Docket Entry No. 4 [Appointing James. R. Walsh, Esq. as Trustee] ).

The parties to this matter have stipulated that as of the petition date the present value of the Annuities was $25,650.00 as ascertained by J.G. Wentworth, an investment advisor. (Document No. 67—Stipulation of Facts [Paragraph 4] ). Schedule B filed by the debtors with their

---

1. The parties have submitted a joint Stipulation of Facts at Documents No. 67. The Court also takes judicial notice of the various documents filed by the debtors and/or trustee in this case that are located in the Court's file, including the documents filed at Documents Nos. 1, 21, 23, 28, 35, 37, 38, 58, 62, 67, 69, 70, 71, and 72. *See* Fed.R.Evid. 201; *Nantucket Investors, II v. California Fed. Bank (In re Indian Palms Associates, Ltd.),* 61 F.3d 197, 204–206 (3d Cir.1995)(judicial notice of documents in court's file is permissible).

2. The settlement with Travelers Indemnity Company was for policy limits of One Hundred Thousand Dollars ($100,000), and the record does not identify with specificity the total settlement amount obtained from Aetna Casualty and Surety Company.

petition lists various assets of the debtors, including the Annuities described above. (Document No. 1—Schedule B).

After the filing of a series of amendments to schedules, the debtors filed with the Court an amended Schedule C. (Document No. 37—Second Motion to Amend Bankruptcy Petition, Schedules B and C; Document No. 38—Modified Order Re: Motion to Amend). Pursuant to the amended Schedule C, Mr. Reschick claims that his interest in the Annuities is exempt, and the specific exemptions outlined in amended Schedule C are an exemption under 11 U.S.C. § 522(d)(5) equaling $9,275.00, an exemption under 11 U.S.C. § 522(d)(11)(D) equaling $16,375.00. By way of an amendment approved by the Court on July 9, 2003, the debtor also claimed an exemption in the Annuities pursuant to 11 U.S.C. § 522(d)(11)(E) in an amount equal to "any remaining value."[3] (Document No. 21—Motion to Amend Bankruptcy petition, Schedules B and C; Document No. 23—Modified Order Granting Motion to Amend).

In response to the exemptions taken by Mr. Reschick, the Trustee objected to the exemption Mr. Reschick had taken under 11 U.S.C. § 522(d)(11)(D), claiming that the debtors failed to provide the Trustee with sufficient documentation proving that the Annuities paid or payable to the debtor were sums paid or payable "on account of personal injury" as opposed to amounts paid or payable for "pain and suffering or compensation for actual pecuniary loss." (Document No. 28—Objection to Debtor's Claim of Exemptions). The Trustee also objected to the exemption taken by Mr.

Reschick pursuant to 11 U.S.C. § 522(d)(11)(E) and in support of the objection the Trustee contended that the amounts paid or payable to the debtor under the Annuities are not "reasonably necessary for support" of Mr. Reschick and any of his dependents. (*Id.*) The Trustee did not object to the exemption taken by Mr. Reschick pursuant to 11 U.S.C. § 522(d)(5), and it appears that the debtor's ability to invoke a "wildcard" exemption in the amount of $9,275.00 is uncontroverted. (Document No. 67—Stipulation of Facts [Paragraph 9]).

The parties were provided with an opportunity to amicably settle this matter. As the Trustee had indicated at one point of time in these proceedings that he needed documentation supporting the debtor's exemptions, the parties stipulated (by way of consent Order of Court dated August 19, 2003) that "the exemptions are disallowed until such time that Debtors provide the Trustee with documentation and/or evidence that the Debtors are entitled to the exemption claimed by the annuities." (Document No. 35—Consent Modified Order Sustaining Objection to Debtors' Claim of Exemptions). At the August 19, 2003 hearing it was expressly agreed by the parties, on the record, that the consent Order was entered with the understanding that when the facts emerge, the debtor may assert whatever exemptions he deems appropriate and the Trustee may continue to object if he so chooses.

In response to the Trustee's request for information, the debtors provided the Trustee with various information, including

---

**3.** By later amendment approved by the Court on November 21, 2003, Mr. Reschick inexplicably failed to include the Section 522(d)(11)(E) exemption in his amendment. This appears to be a mistake as Mr. Reschick has invoked Section 522(d)(11)(E) in his various pleadings to date, and the Trustee has addressed Section 522(d)(11)(E) in his papers as well. Consequently, for purposes of this Memorandum Opinion, the Court deems the debtor to have taken a Section 522(d)(11)(E) exemption in an amount equal "to any remaining value" of the Annuities.

the settlement documents, a police report, and a detailed "settlement brochure" which outlined the facts of the underlying personal injury case, the injuries sustained by Mr. Reschick, and the damages sought by Mr. Reschick. (Document No. 67—Stipulation of Facts [Exhibit B]). Not persuaded by the information provided by the debtors, the Trustee subsequently filed a motion requesting that the Court determine whether the debtors had provided the Trustee with adequate documentation to support the Mr. Reschick's exemptions. (Document No. 58—Motion to Determine Whether the Debtor has Provided the Trustee with Documentation to Support Debtors' Claimed Exemptions or in the Alternative for an Evidentiary Hearing). Alternatively, the Trustee requested an evidentiary hearing on the Trustee's objection to the claimed exemptions. (*Id.*) The debtors responded to the Trustee's motion, and the Court held a hearing on February 22, 2006 at which it became apparent to the Court (and the litigants) that the facts of this case were not in dispute. (Document No. 62—Response to Trustee's Motion to Determine Whether the Debtor has Provided the Trustee with the Documentation to Support Debtors' Claimed Exemptions or in the Alternative, for an Evidentiary Hearing).

Given the procedural posture of the case, the Court therefore ordered the parties to meet and confer and file a joint stipulation of facts with the Court, along with relevant Motions for Summary Judgment setting forth the parties' respective legal arguments. A Motion for Summary Judgment was filed on April 7, 2006 by the debtors. (Document No. 69). A Response was filed by the Trustee on April 25, 2006,

and a Reply thereto was filed by the debtors on May 1, 2006. (Document Nos. 70 and 72, respectively).

## II.

### *SUMMARY JUDGMENT STANDARD*

A motion for summary judgment shall be granted if the court determines that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56; *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The material facts of this case are not in dispute, and therefore the Motion for Summary Judgment is ripe for the Court's determination. As set forth more fully below, because Mr. Reschick may utilize the "wildcard" exemption found at 11 U.S.C. § 522(d)(5), and because Mr. Reschick may utilize the "personal bodily injury" exemption found at 11 U.S.C. § 522(d)(11)(D), the Court concludes that the debtor may exempt the Annuities at issue from property of the estate and summary judgment will therefore be entered in favor of the debtors and the Trustee's objections to exemptions will be overruled.

## III.

### *DISCUSSION AND ANALYSIS*

■ No dispute exists in this case with respect to Mr. Reschick's ability to exempt $9,275.00 of the Annuities pursuant to the "wildcard" exemption found at 11 U.S.C. § 522(d)(5).[4] The question before the Court is therefore whether Mr. Reschick may exempt his interest in the remaining

---

4. The Bankruptcy Code, at the time the debtors commenced their case, provided that Mr. Reschick may exempt "the debtor's interest in any property, not to exceed in value $925 plus up to $8,725 of any unused amount of the exemption provided under paragraph (1) of this subsection [which is the Bankruptcy Code's homestead exemption provision]." *See* 11 U.S.C. § 522(d)(5)(2003).

present value of the Annuities by invoking the protections afforded by 11 U.S.C. § 522(d)(11)(D).[5] The Court answers this question in the affirmative.

One of the fundamental goals of bankruptcy relief is to afford a "fresh start" to honest, but unfortunate, debtors. The fresh start policy of the Bankruptcy Code is augmented through various provisions of the statute. In general, the fresh start policy is implemented by honest debtors receiving a discharge of certain pre-bankruptcy indebtedness and retaining certain assets as being "exempt" from the bankruptcy liquidation process.

The public policy goals of exemption laws are several, and include:

(1) To provide the debtor with property necessary for survival; (2) To protect the dignity and the cultural and religious identity of the debtor; (3) To enable the debtor to rehabilitate himself [or herself] financially and earn income in the future; (4) To protect the debtor's family from the adverse consequences of impoverishment; [and] (5) To shift the burden of providing the debtor and his family with minimal financial support from society to the debtor's creditors.

See Alan N. Resnick, *Prudent Planning or Fraudulent Transfer? The Use of Nonexempt Assets to Purchase or Improve Exempt Property on the Eve of Bankruptcy*, 31 Rutgers L.Rev. 615, 621 (1978). Consistent with these goals and aims, my respected colleague, Bankruptcy Judge Warren Bentz, held in a similar case that it is "axiomatic that bankruptcy exemptions should be liberally construed in favor of debtors." *In re Claude*, 206 B.R. 374, 377 (Bankr.W.D.Pa.1997).

Given the public policy behind exemptions in bankruptcy, it is of no surprise that the Bankruptcy Rules provide that "the objecting party has the burden of proving that the exemptions are not properly claimed" by the debtor. *See* Fed. R.Bankr.P. 4003(c). With respect to exemption litigation, the burden of production is a shifting one when there is an objection to a claimed exemption. *In re Hendrickson*, 274 B.R. 138, 149 (Bankr. W.D.Pa.2002). Thus, the objecting party bears both the initial burden of production and the ultimate burden of persuasion in any controversy regarding the legitimacy of claimed exemptions. *In re Carter*, 182 F.3d 1027, 1029–30 n. 3 (9th Cir.1999). This means that the objecting party must produce evidence to rebut the presumptively valid exemption. *Id.* (citing *In re Lester* 141 B.R. 157, 161 (S.D.Ohio 1991)). If the objecting party can produce evidence to rebut the presumption, the burden of production then shifts to the debtor to come forward with sufficient evidence to demonstrate that the exemption is proper. *Id.* (citing *In re Moneer*, 188 B.R. 25, 28 (Bankr.N.D.Ill.1995)).

In the matter before the Court, Mr. Reschick claimed an exemption in the Annuities pursuant to the compensation "on account of personal bodily injury" provisions of 11 U.S.C. § 522(d)(11)(D). Although seemingly straightforward, 11 U.S.C. § 522(d)(11)(D) has been the bane of many bankruptcy judges. *See In re Claude*, 206 B.R. at 377 ("Courts have struggled with the meaning of the language of § 522(d)(11)(D) ..."); *see also In re Martinez–Whitford*, 199 B.R. 74 (Bankr. D.Mass.1996) ("Several courts have strug-

---

**5.** The relevant version of Section 522(d)(11)(d) provides, in pertinent part, that a debtor may exempt from property of the estate the debtor's right to receive "a payment, not to exceed $17,425 on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent ..." 11 U.S.C. § 522(d)(11)(D) (2003).

gled to define the scope of the § 522(d)(11)(D) exemption, finding the statutory language problematic"). According to these courts, a significant challenge in the application of Section 522(d)(11)(D) lies in determining which portion of a personal injury settlement payment is actually a payment "on account of personal bodily injury," and which portion, if any, falls within the excluded categories of "pain and suffering" and "compensation for actual pecuniary loss." The statute provides that the former is properly exempted from assets of the bankruptcy estate, while the latter may be precluded from exemption in the absence of another statutory basis of claiming an exemption.

The Trustee in this case objects to the debtors' Section 522(d)(11)(D) exemption contending that the debtors "are required to show that they are entitled to a payment, not to exceed $16,150.00 [sic] on account of personal bodily injury, not pain and suffering or compensation for actual pecuniary loss."[6] *See* Brief in Opposition to Motion for Summary Judgment Filed on Behalf of James R. Walsh, Chapter 7 Trustee at p. 2. By this statement, the Trustee appears to impermissibly impose upon the debtors both the burden of production and burden of persuasion with respect to the debtor's claimed exemptions.

 As set forth above, the debtor's filing of his Section 522(d)(11)(D) exemption gives rise to a presumption of the claimed exemption's validity. Once filed, the debtor's claimed exemption is *prima facie* valid. The debtor in this case even went a step further and provided the Trustee and the Court with several documents outlining the nature of the personal injury claims giving rise to Mr. Reschick's claimed exemption, including but not limited to, a settlement sheet, a general release, a settlement brochure, and an explanation of payment. The debtors have represented that the documents provided to the Trustee are all of the pertinent information that resulted in the settlement. *See* Reply to Trustee's Response to Debtors' Motion for Summary Judgment at p. 2. These documents make clear that Mr. Reschick has been permanently disabled by the injuries he sustained in a car accident.

The documents produced by the debtors indicate that on May 9, 1989, James R. Reschick, Sr. was involved in an automobile accident from which he suffered bodily injury. While Mr. Reschick's car was resting at a stop-light, his car was rear-ended by another motorist who was traveling at a high rate of speed. The calamity resulted in Mr. Reschick suffering three (3) herniated discs in his lower back located at L4, L5 and S1 of the vertebrae, and two (2) of these discs remain herniated to this day. The undisputed record in this case is that Mr. Reschick's bodily injury has been so severe that the debtor has been physically precluded from performing the work that was his livelihood prior to the accident.[7]

---

6. The Bankruptcy Code, as in effect when the debtors' commenced their bankruptcy case, contains a statutory cap of $17,425 with respect to exemptions taken pursuant to Section 522(d)(11)(D) of the Bankruptcy Code. *See Memorandum From the Administrative Office of the United States Courts, March 19, 2001, Regarding Automatic Adjustment of Certain Dollar Amounts in the Bankruptcy Code and Official Bankruptcy Forms,* as provided by 11 U.S.C. § 104; *See also* 11 U.S.C. § 522(d)(11)(D)(2003). The Trustee appears to understate the dollar limitation by $1,275.

7. As a result, Mr. Reschick and his family (including his wife and two young children) now live off of only Social Security Disability in the amount of $21,192.00 per year (more than $45,000 less than the median salary for a family of four in Pennsylvania) due to the fact that Mr. Reschick is physically precluded from obtaining employment.

■ The Court concludes that the documents and other evidence produced by the debtors adequately set forth a basis for an exemption under 11 U.S.C. § 522(d)(11)(D) and that the injuries sustained by Mr. Reschick, on their own, are extensive enough to account for the settlement award he received. Therefore, the entire present value of the Annuities can be treated for purposes of the debtors' exemptions as "on account of personal bodily injury." As such, Mr. Reschick's Section 522(d)(11)(D) exemption is therefore proper.[8] *See In re Territo*, 36 B.R. 667, 670 (Bankr.E.D.N.Y.1984); *see also In re Lester*, 141 B.R. 157 (S.D.Ohio 1991) (as long as it appears from the facts that the claimed personal injury award could reasonably fall within the exempt category the court may allow it).[9] The Court's conclusion in this regard is particularly acute since the Trustee has not produced any material evidence (whether in the form of expert testimony or otherwise) which would suggest that the amount of Mr. Reschick's claimed exemptions "on account of personal injury" is excessive in light of the undisputed actual physical injury sustained by the debtor. Given the absence of such evidence, the Trustee simply has not met his burden of production and has not sufficiently overcome the presumptive validity of the debtor's claimed exemption.[10]

8. The Court also notes that even if we were to accept as true the Trustee's argument that the Annuities constitute payments due on account of something other than "personal bodily injury" claims, Mr. Reschick may very well have the ability to exempt his interest in the Annuities pursuant to 11 U.S.C. § 522(d)(11)(E), which exempts from property of the estate the debtor's right to receive "a payment in compensation of loss of future earnings of the debtor ... to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." *Cf. In re Wiggins*, 341 B.R. 506 (M.D.Pa.2006)(holding in the IRA context that right to future payments may be reasonably necessary for the support of the debtor and/or dependents of the debtor); *In re Burkette*, 279 B.R. 388 (Bankr.D.D.C.2002)(same). Because Mr. Reschick's "bodily injury" exemption pursuant to Section 522(d)(11)(D) of the Bankruptcy Code is allowed, the Court does not address the merits of the debtor's ability to claim an alternative exemption pursuant to Section 522(d)(11)(E) of the Bankruptcy Code.

9. The Court also rejects the Trustee's contention that Mr. Reschick bore the burden of somehow apportioning his settlement amounts into various components, including bodily injury, pain and suffering, and loss of wages. The Trustee's theory of apportionment is akin to both constructively eliminating the "personal bodily injury" exemption from the Bankruptcy Code and shifting the burden of production and persuasion to the debtor, and this theory has been rejected in other cases. *In re Claude, supra; In re Bova*, 205 B.R. 467 (Bankr.E.D.Pa.1997). The Court, therefore, finds the Trustee's argument in this regard unpersuasive and rejects the Trustee's objection to the debtors' exemptions on this basis.

10. The Court also rejects the Trustee's assertion that the Court's Order dated August 19, 2003 somehow shifted the burden of production and persuasion away from the Trustee to the debtors in this case. The August 19, 2003 Order was a consent order submitted by the parties while the Trustee and debtors were attempting to navigate the claim of exemption (and objection) process. This Order, on an interim basis, sustained the objections of the Trustee to the claimed exemptions of Mr. Reschick "until such time that Debtors provide the Trustee with documentation and/or evidence that the Debtors are entitled to the exemption claimed by the annuities." No language in the Order expressly purports to shift the burdens of production and persuasion. Regardless, the Court concludes that the debtors indeed provided the Trustee with "documentation and/or evidence" that the debtors "are entitled to the exemption claimed by the annuities" and the Trustee has produced no material evidence indicating otherwise. As a result, even if the Court accepts the Trustee's construction with respect to the August 19, 2003 Order, the Court concludes that nothing in the August 19, 2003 Order bars the debtors from claiming the exemptions at hand.

## V.

### CONCLUSION

This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law pursuant to Fed.R.Bankr.P. 7052. Mr. Reschick's "wildcard" exemption pursuant to 11 U.S.C. § 522(d)(5) is undisputed. In addition, based on the Court's review of the undisputed facts, the Court concludes that the debtors have provided sufficient documentation/evidence to substantiate Mr. Reschick's exemption under 11 U.S.C. § 522(d)(11)(D). Because the Trustee has failed to meet his burden of production (and burden of persuasion) in objecting to the exemption, the exemptions taken by Mr. Reschick are presumptively valid. Based on the foregoing, the Court shall enter an Order consistent with this Memorandum Opinion which (A) grants the debtors' Motion for Summary Judgment, (B) overrules the Chapter 7 Trustee's objection to the claimed exemptions, and (C) allows the debtors' claimed exemptions in the Annuities pursuant to 11 U.S.C. §§ 522(d)(5) and 522(d)(11)(D).

### ORDER OF COURT

**AND NOW** this 7th day of June, 2006, a Motion for Summary Judgment having been filed in the above-captioned bankruptcy case by the Respondents (Document No. 69), and the Court having considered the opposition thereto filed by the Trustee and the record made in this case, the Court hereby **FINDS, ORDERS, ADJUDGES** and **DECREES** that:

1. The Trustee has failed to meet his burden of production and his burden of persuasion in objecting to the exemptions claimed by the Respondents.

2. The Respondents' Motion for Summary Judgment is **GRANTED**.

3. The Trustee's Objection to Debtors' Claim of Exemptions is **OVERRULED**.

4. The Debtors' claimed exemption in the Annuities, pursuant to 11 U.S.C. 522(d)(5), is **ALLOWED** in the amount of Nine Thousand Two Hundred and Seventy–Five Dollars ($9,275.00).

5. The Debtors' claimed exemption in the Annuities, pursuant to 11 U.S.C. § 522(d)(11)(D), is **ALLOWED** in an amount not to exceed Seventeen Thousand Four Hundred and Twenty Five Dollars ($17,425.00).